UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

AMBER DOE,                           :

                          :

                Plaintiff,        :

                          :        26-CV-3205 (JMF)

        -v-                :

                          :       <u>MEMORANDUM OPINION</u>
SEQUOIA CAPITAL OPERATIONS LLC et al.,   :       <u>AND ORDER</u>

                          :

              Defendant.       :

                          :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff brings this *pro se* action under the Trafficking Victims Protection Act (TVPA), the Racketeer Influenced and Corrupt Organizations (RICO) Act, and several other federal laws, alleging that Defendants conspired to subject her to trafficking and other crimes. Named as Defendants are Sequoia Capital Operations LLC and over forty corporate entities that appear to be associated with it. For the following reasons, this action is transferred to the United States District Court for the Central District of California.

## DISCUSSION

Where a plaintiff files duplicative or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). This action is at least the fourth civil action Plaintiff has filed in this court regarding alleged sex trafficking on the part of Defendants. *See Doe v. Sequioa*, No. 23-CV-5881 (LTS) ("*Doe I*"); *Doe v. Sequoia Capital*, No. 25-CV-6169 (LTS) ("*Doe II*"); *Doe v. Sequoia Capital*, No. 26-CV-2912 (LTS) ("*Doe III*"). The Court transferred the first action, *Doe I*, after the Court learned that the Central District of California had dismissed two other actions filed by Plaintiff in the Central District of California that were

substantially similar to *Doe I*. *See Doe v. Goguen*, No. 23-CV-2280-MEMF (SK) (Doc. No. 38) (C.D. Cal. May 22, 2023); *Doe v. Quinn Emmanuel*, No. 23-CV-4723-MEMF (SK) (Doc. No. 5) (C.D. Cal. June 16, 2023).  After the Court transferred *Doe I*, the Central District of California denied Plaintiff's application to proceed *in forma pauperis* (IFP) because that court found that the action was frivolous.  *See Doe v. Sequoia Capital*, No. 23-CV-6439-MEMF (SK) (Doc. No. 22) (C.D. Cal. Sept. 20, 2023).  Almost two years after the Central District of California dismissed *Doe I*, on July 25, 2025, Plaintiff filed *Doe II* in this court.  By order dated August 20, 2025, this Court transferred *Doe II* to the Central District of California, which, on the same day, denied Plaintiff's application to proceed IFP because it concluded that the action was frivolous. *See Doe v. Sequita Capital Operations*, *LLC*, No. 26-CV-1109 (FMO) (MBK) (C.D. Cal. Feb. 5, 2026).  Less than a year later, on April 8, 2026, Plaintiff filed *Doe III* in this court, which was also transferred to the Central District of California by order dated April 14, 2026.  *See Doe III*, ECF Nos. 1, 7.

The Court now transfers this action to the Central District of California because the action is substantially similar to the prior actions filed by Plaintiff against Sequoia and Sequoia-associated defendants, all disposed of in the Central District of California.  As that court has considered Plaintiff's claims on the merits, and found them to be frivolous, this Court concludes that the Central District of California is in the best position to address this new filing by Plaintiff. Accordingly, the Court transfers this action to the Central District of California, in the interests of justice.[1]  *See* 28 U.S.C. § 1404(a) (providing that even if a case is filed in a jurisdiction where

---

[1]    In addition to this action, Plaintiff also filed virtually identical complaints in the Middle District of Florida, *see Doe v. Sequoia Operations LLS*, No. 25-CV-2003 (M.D. Fla., complaint filed July 30, 2025), and the District of Columbia, *see Doe v. Sequoia Operations LLS*, No. 25-CV-2566 (D.D.C., complaint filed Aug. 5, 2025).

venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice.").

This is not the first frivolous case that Doe has filed against Sequoia. Indeed, based on Doe's extensive state court litigation in California, against many of the parties named in this action, the Superior Court of California, Orange County, and the California State Bar have both declared Plaintiff a vexatious litigant. *See Doe v. Sequita Capital Operations*, *LLC*, No. 26-CV-1109 (FMO) (MBK) (C.D. Cal. Feb. 5, 2026), ECF No. 8, at 2-7. Accordingly, the Court hereby warns Doe that if she brings any more frivolous claims against the same Defendants concerning the same subject matter, the Court may impose an injunction barring her from filing further such appeals in the Southern District of New York without prior leave of the Court. *See, e.g., Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (observing that a court may issue a filing injunction when a litigant has a "history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel" (cleaned up)); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (internal quotation marks omitted))

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California and close the case. A summons shall not issue from this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to terminate ECF No. 5.

      SO ORDERED.

Dated: April 28, 2026
      New York, New York

_____
      JESSE M. FURMAN
      United States District Judge

4